UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Paula G., <br><br> Petitioner, <br><br> v. <br><br> Pamela Bondi, *in her official capacity as Attorney General*; Kristi Noem, *in her official capacity as Secretary of the U.S. Department of Homeland Security*; Todd Lyons, *in his official capacity as Acting Director of Immigration and Customs Enforcement*; and David Easterwood, *in his official capacity as Acting Director, St. Paul Field Office, Immigration and Customs Enforcement*, <br><br> Respondents. | File No. 26-CV-410 (JMB/DLM) <br><br><br><br> **ORDER** |

Graham Blair Ojala-Barbour, Ojala-Barbour Law Firm, MN, for Paula G.

Trevor Brown and Ana H. Voss, United States Attorney's Office, Minneapolis, MN, for Respondents Pamela Bondi, Kristi Noem, Todd Lyons, and David Easterwood.

This matter is before the Court on Petitioner Paula G.'s[1] Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2241. (Doc. No. 1 [hereinafter, "Pet."].) Respondents Pamela Bondi, Kristi Noem, Todd M. Lyons, and David Easterwood

---

[1] This District has adopted a policy of using only the first name and last initial of any nongovernmental parties in immigration cases.

1

(together, "Respondents") are named in the Petition. For the reasons explained below, the Court grants the Petition and orders Paula G.'s immediate release.

## FINDINGS OF FACT[2]

1. Paula G. is a citizen of Colombia who entered the United States without inspection on December 13, 2022. (Pet. ¶¶ 1, 15.)

2. After she entered the United States, Paula G. was arrested by the Department of Homeland Security (DHS) and was, shortly thereafter, released and granted parole under 8 U.S.C. § 1182(d)(5)(A), also referred to as Immigration and Nationality Act (INA) § 212. (*Id.* ¶¶ 1, 3, 29.) Her parole was valid until February 21, 2023. (*Id.* ¶ 3.)

3. Paula G. is seeking asylum, withholding of removal, and protection under the Convention Against Torture and filed the relevant application on January 28, 2025. (*Id.* ¶¶ 1–2, 5.)

4. Paula G. has never been arrested for or charged with a criminal offense and has no pending charges or criminal convictions. (*Id.* ¶ 31.)

5. She has appeared at all appointments required by ICE to date. (*Id.* ¶ 5.)

6. Respondents re-detained Paula G. on or about January 17, 2026. (*Id.* ¶ 15.)

7. On January 17, 2026, Paula G. filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Pet.) At the time the Petition was filed, she was detained

---

[2] Because Respondents did not contest any of the factual allegations in the Petition, these allegations are deemed admitted. *See, e.g.*, *Bland v. California Dep't of Corr.*, 20 F.3d 1469, 1474 (9th Cir. 1994) ("When the State's return fails to dispute the factual allegations contained in the petition and traverse, it essentially admits those allegations."), *overruled on other grounds by Schell v. Witek*, 218 F.3d 1017 (9th Cir. 2000).

in Fort Snelling, Minnesota. (*Id.* ¶ 15.) She seeks immediate release or, alternatively, a bond hearing pursuant to 8 U.S.C. § 1226(a). (*Id.* at 20.)

## DISCUSSION

Respondents generally oppose Paula G.'s Petition, explaining that the Petition "raises legal and factual issues similar to those in prior habeas petitions this Court has decided" and that Respondents have appealed one such petition (*see Avila v. Bondi*, No. 25-3248 (8th Cir.)). (Doc. No. 4.) Respondents then incorporate by reference all of the arguments raised in the *Avila* appeal and request denial of the petition. (*Id.*) In this way, Respondents reiterate their argument that the detention of petitioners similarly situated to Paula G. is mandatory pursuant to 8 U.S.C. § 1225(b). As this Court has previously concluded, however, Respondents' interpretation lacks merit. Furthermore, Respondents do not address the fact that they previously released Paula G. on parole. Because Respondents continue to rely on an incorrect interpretation of sections 1225 and 1226, and because the portion of the Petition challenging Paula G.'s re-detention after parole is not directly opposed, the Court grants the Petition and orders immediate release.[3]

---

[3] Because Paula G. filed her Petition while she was detained in Minnesota, even if she were physically transferred to another state after the initiation of this proceeding, such a transfer would not deprive this Court of jurisdiction over her habeas petition. *Weeks v. Wyrick*, 638 F.2d 690, 692 (8th Cir. 1981). This is particularly true because any transfer after the Court's January 17, 2026 order enjoining Respondents from transferring her out of the District of Minnesota would violate the Court's order. (*See* Doc. No. 3.) The record, however, does not reflect any transfer, and Respondents do not challenge this Court's jurisdiction. If Respondents have in fact transferred Paula G. outside of the state of Minnesota despite this Court's order, and if Paula G. seeks additional relief concerning release or return transportation, Paula G. is invited to file any appropriate requests.

A.   **Constitutional Guarantee of Habeas Review**

As a threshold matter, the Court notes that a writ of habeas corpus may be granted to any person who demonstrates he is in custody in violation of the Constitution or laws of the United States. 28 U.S.C. § 2241(c)(3); *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (concluding that the Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States" (citing U.S. Const., Art. I, § 9, cl. 2)); *Aditya W.H. v. Trump*, 782 F. Supp. 3d 691, 702 (D. Minn. 2025). For most of the nation's history, habeas review "has remained a critical check on the Executive, ensuring that it does not detain individuals except in accordance with law." *Hamdi*, 542 U.S. at 525 (quotation omitted). The right to challenge the legality of a person's confinement through a petition for a writ of habeas corpus "extends to . . . immigration-related detention." *Deng Chol A. v. Barr*, 455 F. Supp. 3d 896, 900–01 (D. Minn. 2020) (citation omitted). The petitioner bears the burden of proving that his detention is illegal by a preponderance of evidence. *Jose J.O.E. v. Bondi*, No. 25-CV-3051 (ECT/DJF), 2025 WL 2466670, at *5 (D. Minn. Aug. 27, 2025) (citing *Aditya W.H.*, 782 F. Supp. 3d at 703).

B.   **Interpretation of Section 1225**

Courts have overwhelmingly rejected Respondents' interpretation that section 1225(b)(2) requires the mandatory detention of all noncitizens living in the country who are "inadmissible" because they entered the United States without inspection. *See, e.g.*, *Barco Mercado v. Francis*, No. 25-CV-6582 (LAK), 2025 WL 3295903, at *4 & n.22 (S.D.N.Y. Nov. 26, 2025) (noting that this interpretation had been rejected in 350 cases "decided by over 160 different judges sitting in about fifty different courts spread across

4

the United States" and collecting cases in an Appendix A); *Jose Andres R.E. v. Bondi*, No. 25-CV-3946 (NEB/DLM), 2025 WL 3146312, at *1 n.2 (D. Minn. Nov. 4, 2025) (collecting cases); *Belsai D.S. v. Bondi*, No. 25-CV-3682 (KMM/EMB), 2025 WL 2802947, at *5–6 (D. Minn. Oct. 1, 2025) (collecting cases). This Court also finds Respondents' interpretation unpersuasive.

When interpreting a statute, "every clause and word of a statute should have meaning." *United States ex rel. Polansky v. Exec. Health Res., Inc.*, 599 U.S. 419, 432 (2023) (internal quotation marks omitted) (quoting *Montclair v. Ramsdell,* 107 U.S. 147, 152 (1883)). Noncitizens who have been residing in the United States but who entered without inspection have not, historically, been considered to still be "arriving" under section 1225(b). This is because the statute itself states that, in order to apply, several conditions must be met; specifically, an immigration officer must determine that the noncitizen "is an applicant for admission . . . seeking admission . . . [and] not clearly and beyond a doubt entitled to be admitted." 8 U.S.C. § 1225(b)(2)(A). Determining the plain meaning of the statute requires consideration of the tense of the verb "is" and the present participle "seeking." Here, section 1225(b)(2) applies to persons who presently are applicants for admission and who presently are seeking admission at the time of their detention. To be seeking admission means to be seeking entry, which "by its own force implies a coming from outside." *United States ex rel. Claussen v. Day*, 279 U.S. 398, 401 (1929). In this case, Paula G. has been residing in the United States since 2022 and is, therefore, not currently "seeking admission" into the United States.

In addition, Respondents' interpretation of 1225(b)(2) renders superfluous other immigration laws. Specifically, interpreting section 1225(b)(2) as applying to noncitizens who have already entered the country and are not currently seeking admission into the country, as Respondents urge, would render meaningless a recent amendment to section 1226 by the Laken Riley Act (LRA). The LRA added new categories of noncitizens subject to mandatory detention under section 1226(c), and one such category was for noncitizens lacking valid documentation *and* who have been charged with or convicted of certain crimes. *See* 8 U.S.C. § 1226(c)(1)(E)(i)–(ii). But if Respondents' interpretation of section 1225 were correct, then there would have been no need for the LRA to create these additional categories because all noncitizens who are present in the United States and have not been admitted would have already been ineligible for bond under section 1225(b)(2)(A).

The Court also agrees with those courts that have found that Respondents' interpretation of section 1225(b) is "at odds with both the relevant legislative history and longstanding agency practice." *Belsai D.S.*, 2025 WL 2802947, at *7; *see, e.g.*, *Maldonado v. Olson*, 795 F. Supp. 3d 1134, 1150 (D. Minn. 2025) (discussing the longstanding practice of treating noncitizens who resided in the United States, but who had entered without inspection, as being subject to section 1226(a)).

For these reasons, the Court finds that Paula G.'s detention is governed by section 1226(a), and she is not subject to section 1225(b)'s mandatory detention.

### C.  Independent Grounds for Release

Paula G. also argues that re-detaining her under these circumstances, after having already granted her parole, violates the law. (*See* Pet. ¶¶ 51–56, 60–63 (alleging violations of the Administrative Procedure Act and due process clause of the Fifth Amendment)).) Respondents do not respond to this argument, so the Court considers this request unopposed and grants it on that basis.[4]

As a separate and independent basis for ordering Paula G.'s immediate release, the Court is persuaded by the analysis of the court in *Rodriguez-Acurio v. Almodovar*, No. 2:25-CV-6065 (NJC), 2025 WL 3314420 (E.D.N.Y. Nov. 28, 2025) regarding the merits of the Petition. Like the petitioner in *Rodriguez-Acurio*, Paula G. was previously released on temporary parole; there is no evidence of any violations of conditions of release, and she has appeared at ICE appointments as required over the years; and she remains in the United States with a pending asylum and withholding-of-removal application after the expiration of the temporary parole. *See id.* at *9–24. Accordingly, the Court orders that Paula G. be released.[5]

---

[4] Respondents have waived any argument contesting this alternative basis for the Petition. *See Rodriguez-Quiroz v. Lynch*, 835 F.3d 809, 822 n.6 (8th Cir. 2016) (noting that the government waived an argument by failing to raise it in an immigration appeal); *see also Estephanny P. v. Bondi*, No. 26-CV-198 (ECT/JFD), Doc. No. 10, at *3 (D. Minn. Jan. 15, 2026) (citing *Doe v. Mayorkas*, No. 22-cv-752 (ECT/DTS), 2022 WL 4450272, at *2 (D. Minn. Sep. 23, 2022) (concluding that failure to respond is an express waiver of those arguments or claims)).

[5] In light of its decision, the Court declines to address the remaining allegations and claims in the Petition. The Court also does not address the request for an award of fees and costs under the Equal Access to Justice Act; Paula G. may move separately for such relief within 30 days of final judgment in this action. 28 U.S.C. § 2412(d)(1)(B).

**ORDER**

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT the Petition (Doc. No. 1) is GRANTED, as follows:

1. Respondents are ORDERED to release Petitioner from custody <u>immediately in Minnesota</u>, and in any event no later than <u>4:00 p.m. CST on January 20, 2026</u>.

2. On or before <u>11:00 a.m. CT on January 21, 2026</u>, Respondents shall provide the Court with a status update affirming that Petitioner was released from custody in accordance with this Order.

3. To the extent Petitioner seeks relief beyond an order requiring release or an order requiring a bond hearing, the Petition is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: January 20, 2026                     /s/ *Jeffrey M. Bryan*
                                            Judge Jeffrey M. Bryan
                                            United States District Court